IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOREN S. ADELL and MICHAEL ADELL, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 18-297 |
| v. | § § | JURY TRIAL |
| JBC AND COMPANY a/k/a ELITE SYNDICATION INCORPORATED | § § § § | |
| Defendant. | § § | |

## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Loren S. Adell and Michael Adell ("Adell") file this Complaint against JBC and Company a/k/a Elite Syndication Incorporated ("JBC"), and allege as follows:

### THE PARTIES

1. Loren S. Adell and Michael Adell are individuals with a principal place of business in Sunnyvale, Texas 75182.

2. On information and belief, JBC and Company a/k/a Elite Syndication Incorporated is a domestic for-profit corporation existing under the laws of the State of Texas. On information and belief, JBC owns and/or operates or directs or controls sales of products to dental offices and laboratories in the United States, including products containing instructions for use in methods disclosed in Plaintiffs' patent, thereby inducing others to infringe methods disclosed in Plaintiffs' patent in the United States. On information and belief, JBC has itself infringed Plaintiffs' patent by its own use of methods disclosed in Plaintiffs' patent. JBC may be served through its registered agent, William Brian Knopp, 320 Abby Road, Fredericksburg, Texas 78624.

**JURISDICTION AND VENUE**

3. This action arises under the United States Patent Laws, codified at 35 U.S.C. §§ 1, *et seq.*, including §§ 271 and 281.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over JBC because JBC has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and this judicial district.

6. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) because JBC resides in this judicial district, has committed acts of infringement of Plaintiffs' patent in this district, has induced others to infringe Plaintiffs' patent by selling products in this district, and has a regular and established place of business in this judicial district.

**PATENT INFRINGEMENT**

7. On August 1, 2017, United States Patent No. 9,717,568 ("the '568 patent"), entitled "Dental Device Fabrication on a 3-D Printed Arch Model" was duly and lawfully issued by the United States Patent and Trademark Office in the name of Inventor Loren S. Adell to his assignees, Plaintiffs Loren S. Adell and Michael Adell.  A true and correct copy of the '568 patent is attached to this Complaint as Exhibit A and incorporated herein by reference.  Plaintiffs assert that JBC has infringed, and induced others to infringe, at least one of Claims 1 through 14 of the '568 patent.  Plaintiffs continue to hold all rights and interests in the '568 patent.

8. Plaintiffs sell, and offer for sale, a line of "Siliform" products for use as separators (i.e. barriers) on 3-D printed models of dental arches under the name Trigroup Technologies,

Ltd. Their Siliform product line includes Siliform MSF, Siliform RAS, Siliform BEA, Siliform CLA, Siliform MLA, Siliform JMA, and Siliform ADL, each of which meets a different separation need for various materials from which 3-D printed dental arch models are fabricated.

*JBC and Company*

9. JBC has committed, and continues to commit, acts of infringement in the United States in violation of 35 U.S.C. § 271 by performing one or more of the method Claims 1 through 7 of the '568 patent which create combinations of elements recited in one or more of Claims 8-14 of the '568 patent and by inducing others to commit acts of infringement in the United States by performing one or more method Claims 1 through 7 of the '568 patent which create combinations of elements recited in one or more of Claims 8-14 of the '568 patent. JBC's acts of direct infringement and acts of inducing infringement earn revenue for JBC.

10. JBC had actual and/or constructive notice of the '568 patent, but continued the aforementioned acts of infringement willfully.

11. On or about February 8, 2018, JBC was notified of its conduct which induced, and induces, purchasers of its product to infringe the '568 patent. A true and correct copy of that notice is attached as Exhibit B. JBC's sales of the "JBC's Best 3D Release 707" product, the "JBC's Acrylic Separator 705" product, later the "JBC's Acrylic to Acrylic Separator 707" product, and others to be discovered, induce purchasers to infringe the '568 patent by instructions for use by JBC. All allegations in Exhibit B are incorporated by reference.

12. On or about March 22, 2018, JBC was further notified of its direct infringement of the '568 patent by itself having used methods disclosed in the '568 patent. A true and correct copy of that notice is attached as Exhibit C. All allegations in Exhibit C are incorporated by reference.

13. JBC's willful infringement, and willful inducement of infringement, of the '568 patent make this case exceptional pursuant to 35 U.S.C. § 285.

14. JBC has caused, and will continue to cause, Plaintiffs substantial damage and irreparable injury by virtue of its own past and continuing direct infringement, and inducement of infringement, of the '568 patent. Plaintiffs will suffer further damage and irreparable injury unless and until JBC is enjoined by this Court from continuing such direct infringement and inducement of infringement.

*Specific Infringement Allegations*

15. The method of at least one of Claims 1 through 7 of the '568 patent is performed in fabrication of an intra-oral device on a 3-D printed dental arch model. JBC has violated, and continues to violate the '568 patent by performing, and inducing others to perform, the method of at least one of Claims 1 through 7 of the '568 patent and create combinations of elements recited in one or more of Claims 8 through 14 of the '568 patent.

16. Specifically, and without limitation, JBC forms, and induces others to form, a barrier on at least a portion of a 3-D printed dental arch model which renders a first material of the 3-D printed dental arch model and a second material to be used to fabricate an intra-oral device immune to chemical reaction with each other. JBC fabricates, and induces others to fabricate, an intra-oral device by forming the second material onto the portion of the 3-D printed dental arch model onto which the barrier has been formed. JBC then removes, and induces others to then remove, the intra-oral device from the 3-D printed dental arch model. JBC's conduct, including direct infringement and inducement of infringement, includes, but is not limited to, marketing its "JBC's Best 3D Release 707" product, its "JBC's Acrylic Separator

705" product, its "JBC's Acrylic to Acrylic Separator 707" product and similar products with instructions for performing and/or enabling performance of methods disclosed in the '568 patent.

17.     Specifically, and without limitation, JBC fabricates, and induces others to fabricate, intra-oral devices by methods which create combinations of elements comprising 1) 3-D printed arch dental models which comprise multiple consecutive layers of a first material each laid down on top of a preceding layer, 2) barriers on at least a portion of the 3-D printed dental arch models which render the first material of the 3-D printed dental arch models and a second material which is to be used to fabricate intra-oral devices on the 3-D printed dental arch models immune to chemical reaction with each other, and 3) the intra-oral devices conformed to a portion of the dental arch models covered by the barriers.

## JURY DEMAND

18.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs, Loren S. Adell and Michael Adell, pray that Defendant, JBC, be cited to appear and answer herein, and that Plaintiffs be granted the following relief:

a.      Judgment that JBC has directly infringed, and has induced others to infringe, one or more of Claims 1 through 14 of the '568 patent;

b.      Judgment that JBC's patent infringement has been, and continues to be, willful;

c.      A permanent injunction enjoining JBC, its officers, agents, servants, employees, and those persons in active concert or participation with JBC, from performing the methods and/or combinations that infringe the '568 patent or inducing infringement of the methods and/or combinations claimed in the '568 patent and requiring that JBC notify all of its customers of the terms of such permanent injunction;

    d.    Damages adequate to compensate for JBC's patent infringement, and inducement of infringement, but in no event less than a reasonable royalty for JBC's acts of practicing the inventions, and inducing infringement of the inventions, claimed in the '568 patent, together with interest and costs under 35 U.S.C. § 284;

    e.    Trebling the aforesaid damages due to JBC's willful infringement, and inducement of infringement, pursuant to 35 U.S.C. § 284;

    f.    Pre-judgment and post-judgment interest on the damages assessed;

    g.    Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding Plaintiffs their reasonable attorneys' fees and expenses; and

    h.    Such other and further relief, both at law and in equity, to which Plaintiffs may be entitled.

DATED:  April 9, 2018.

Respectfully Submitted,

**LOEWINSOHN FLEGLE DEARY SIMON, LLP**

/s/ *Jim L. Flegle*
Jim L. Flegle, TBN #07118600
Alan S. Loewinsohn, TBN #12481600
12377 Merit Drive, Suite 900
Dallas, Texas 75251-2224
(214) 572-1700 Telephone
(214) 572-1717 Telecopy
JimF@LFDSLaw.com
AlanL@LFDSLaw.com
**ATTORNEYS FOR PLAINTIFFS,
LOREN S. ADELL AND MICHAEL ADELL**

6